Claim of S. A. HEALY COMPANY and Material Service Corporation, as Joint Venturers, for a partial refund of premiums paid to North Dakota Workmen's Compensation Bureau in Risk No. 39–040–27.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU; Owen T. Owen; Otis Bryant; and B. M. Ryan, Commissioners, Appellants,

v.

S. A. HEALY COMPANY and Material Service Corporation, as Joint Venturers, Respondents.

No. 7904.

Supreme Court of North Dakota.

Nov. 16, 1960.

Adhered to on Rehearing May 26, 1961.

Leslie R. Burgum, Atty. Gen., Lawrence E. Watson, Asst. Atty. Gen., and Clifford Jansonius, Special Asst. Atty. Gen., for appellants.

Cox, Pearce & Engebretson, Bismarck, for respondents.

MORRIS, Judge.

During the years 1949, 1950 and 1951 S. A. Healy Company and Material Service Corporation were foreign corporations jointly engaged in a construction project in connection with the erection of the Garrison Dam and were employers within the meaning of the North Dakota Workmen's Compensation Law, Chapter 65–01 NDRC

1943. The Workmen's Compensation Law is administered by the North Dakota Workmen's Compensation Bureau which has the power and the duty to classify employments with respect to degrees of hazard, determine the risks involved therein, and fix the rate of premium for each classification. Section 65–0401, NDRC 1943. The Bureau classified the employments in which these employers were engaged and fixed the rate of premium to be paid. It also determined the amount of premium to be paid. Section 65–0404, 1957 Supplement to NDRC 1943. The premiums were paid by the employers in the amount determined by the Bureau for the years above mentioned in the total sum of $288,506.04.

On April 14, 1958 the employers filed with the Bureau a claim for a partial refund of premiums paid in which they asked that the sum of $220,245.19 be refunded to them and that a hearing be had on the claim at a time convenient to the commissioners. On June 10, 1958 the Bureau advised the employers that both requests for refund and for hearing were denied. The employers then appealed to the District Court of Burleigh County from the decision of the Bureau denying their claim for partial refund and specified as error the denial of the claim and the refusal of the Bureau to hold a hearing.

When the matter came on for hearing in the district court the Bureau made a motion to dismiss the appeal upon the ground that the North Dakota Workmen's Compensation Bureau was without jurisdiction to entertain a claim for refund and that therefore the district court was without jurisdiction to entertain the appeal. As a further ground for dismissal the Bureau urged that the application for refund failed to state a claim against the Workmen's Compensation Bureau that was within the power of the Bureau to grant.

The district court after a hearing denied the motion to dismiss the appeal and order-

ed the Bureau to hold a hearing within 90 days after the entry of the court's order at which testimony would be taken and also ordered the Bureau to make findings of fact and conclusions of law thereon. From this order the Bureau appealed to the supreme court.

We address our attention directly to the controlling question of whether the claim presented was one within the power of the Bureau to grant or, differently stated, does the Workmen's Compensation Bureau have power to grant and order the payment of refunds to employers who claim they have been charged and have paid premiums based on rates which the employers now claim were excessive.

Section 186 of the North Dakota Constitution as amended June 28, 1938 (see Session Laws N.D.1939, p. 497) insofar as it is applicable here provides:

"All public moneys, from whatever source derived, shall be paid over monthly by the public official, employee, agent, director, manager, board, bureau, or institution of the State receiving the same, to the State Treasurer, and deposited by him to the credit of the State, and shall be paid out and disbursed only pursuant to appropriation first made by the Legislature; provided, however. that there is hereby appropriated the necessary funds required in the financial transactions of the Bank of North Dakota, and required for the payment of losses, duly approved, payable from the State Hail Insurance Fund, State Bonding Fund, and State Fire and Tornado Fund, and required for the payment of compensation to injured employees or death claims, duly approved, payable from the Workmen's Compensation Fund, and required for authorized investments made by the Board of University and School Lands, and required for the financial operations of the State Mill and Elevator Association, and required for the payment of in-

terest and principal of bonds and other fixed obligations of the State, and required for payments required by law to be paid to beneficiaries of the Teachers' Insurance and Retirement Fund, and required for refunds made under the provisions of the Retail Sales Tax Act, and the State Income Tax Law, and the State Gasoline Tax Law, and the Estate and Succession Tax Law, and the income of any State institution derived from permanent trust funds, and the funds allocated under the law to the State Highway Department and the various counties for the construction, reconstruction, and maintenance of public roads."

In Langer v. State, 69 N.D. 129, 284 N.W. 238, it was strenuously urged both on the argument of the case and on a petition for rehearing that the moneys in the State Hail Insurance Fund, State Bonding Fund, State Fire and Tornado Fund, and the Workmen's Compensation Fund are not public moneys within the meaning of Section 186 of the Constitution but they are funds held in trust by the State for the benefit of those who, under the laws creating those funds, may be claimants against them and are not moneys required to be deposited in the general fund of the State and appropriated by the legislature. In response to that argument we said:

"The language employed in Sec. 186 of the Constitution, as amended, discloses that it was the intention that all moneys collected from any source for any, and all, of said funds should be within the provisions of said section, otherwise the provision appropriating the necessary funds for the payment of claims against these several funds would be meaningless.

"It will be noted that the appropriations made (in Sec. 186, as amended) from the various funds, is limited to certain definite purposes. There is

no general appropriation from any of the funds. There is no appropriation, for instance, for administrative purposes. It is apparent, therefore, that no disbursement may be made for such purposes, or for any purposes other than those specified in the constitutional amendment, except pursuant to specific legislative appropriation. * *

" * * * the appropriation is expressly limited to, and disbursement thereunder may be made only for, the purposes stated."

It is clear that moneys collected by the Workmen's Compensation Bureau pursuant to its established premium rates are public moneys within the meaning of Section 186 of the Constitution. They must be deposited with the state treasurer and can be disbursed only pursuant to an appropriation contained in that section or made by the legislature. There being no appropriation for refunds the Bureau is powerless to make them. Moreover, there is no statutory provision authorizing or directing the Bureau to hold any hearing on an application for refund. The holding of such a hearing by the Bureau would be an idle act. The court erred in ordering that a hearing be held. Its order is therefore reversed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.

On Petition for Rehearing

MORRIS, Judge.

A petition for rehearing was granted and the case reargued. After again considering the oral arguments and the briefs, we adhere to our former opinion.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.